In March, 1870, the following opinion was delivered at the trial :
Masten, J.
In July, 1849, the defendant brought an action in this court against one John Kennedy, for the recovery of a penalty incurred by a violation of an ordinance of the city. It at the same time sued out under section 135 of title 7 of chapter 133 of the Laws of 1843, an attachment to the sheriff of Erie county, against a certain float, lying in the waters of Buffalo creek, being the hull of the steamboat Jefferson, converted into a floating elevator. The said sheriff by virtue of said attachment seized said float and moved it up the creek and moored it. Upon motion the said attachment was subsequently set aside. During the summer or fall of 1849, the float sunk in said creek near the center thereof. Its upper parts were carried away by the elements, and it became inbedded in and covered with earth, and was abandoned.
The wrecks of other vessels sunk upon it and along side of it, and also became, by the action of the current, imbedded in and covered with water, and obstructed the navigation of the creek.
At the time the defendant instituted the proceeding stated in the pleadings to remove said instructions, and deepen the creek at the point of their location, there was six feet of water over said wrecks. The defendant caused the earth which had accumulated around said wreck to be taken out by a dredge, the wrecks removed and the creek deepened at that point.
This action is to restrain the defendant from enforcing an assessment, made to defray a portion of the expenses of the work above mentioned, upon the allegation that it is illegal.
Its illegality is put upon two grounds :
1. The want of power.
The resolution of the defendant ordering the work to be done, as set forth in the pleadings is, “ that the obstructions in Buffalo river be cleared by removing the wrecks of old boats at the southerly line of Aurora- *143 street, in accordance with the plan and specifications on file in the city surveyor’s office.”
The plaintiff contends that the only power possessed, by the defendant is to be found in section 26 of title 8 of its charter; and that is, “ to deepen, cleanse and repair any part of Buffalo creek within the city,” and it is said this does not include the removal of obstructions.
I think that both the word “ deepen ” and the word “cleanse,” when applied to the subject to which they are in the above section, embraced the removal of such obstructions as those in question were.
Section 6 of chapter 764 of the Laws of 1857, authorize the defendant to dredge and clear obstructions from and in Buffalo creek inside of the north pier, and the canals, basins, slips and docks belonging to the city, and put, keep and maintain the same in navigable condition, and cause not less than one-half the expense thereof to be assessed upon the property benefited.
The north pier is at the mouth of the creek. The obstructions in question were above the mouth of the creek.
By “inside of the north pier,” I understand is meant in the Buffalo creek above its mouth. In section 29, title 5, of the defendant’s charter, power is given to the defendant to ‘ ‘ dredge the lake at the mouth of the Buffalo creek outside of the north pier.”
In trying a cause like this here on the scene of action, I suppose it is intended that the court shall take notice of the different localities.
If not, I cannot say that the obstructions removed were not in every sense inside of the north pier, but must, under section 39, title 5, of the defendant’s charter, in order to sustain the assessment, presume they were, until the contrary is made to appear.
*144 I think the objection of want' of power in the defendant is not well taken,
2. That the obstruction was created by the defendant itself by wrongfully taking the float and moving it up the creek and leaving it to its fate.
Upon the attachment under which the float was seized being set aside, the defendant doubtless became a trespasser by relation, and liable to respond to the owner of the float for damages.
But at the time the defendant took, under its charter, the measures set out in the pleadings to remove this obstruction in the river, this wreck had been sunk and all possession of control over, or claim of property in it, had been abandoned for over nineteen years.
There was then no one under any common law obligation to remove it, nor under any liability at law for injuries it might occasion (Shearm. & R. on Negligence, § 583; Rex v. Watts, 2 Esp., 675; White v. Crisp, 26 Eng. Law & Eq., 532; 10 Exch., 312; Brown v. Mallett, 5 C. B. [M., G. & S.], 599; Hancock v. Y. N. C. & B. R. Co., 10 C. B. [70 E. C. L.], 348; 1 J. Scott; Taylor v. Atlantic Mutual Ins. Co. 37 N. Y., 275).
The only duty which rested upon the defendant to remove this wreck was that imposed by its charter, and in the discharge of which it instituted the proceedings now under review.
The complaint must be dismissed, with costs.
From this decision plaintiffs appealed to the court at general term, where the following opinion was delivered.
Verplanck, J.
On April 17, 1857, and. for many years prior to that day, there had been an obstruction to navigation in the Buffalo creek, at the southerly line of Aurora-street, and about one hundred feet dis *145 tant westerly from the. dock of the easterly side of said Buffalo creek, and inside of the north pier, caused by the sinking of the hull of the steamer Jefferson and two canal boats at that point.
On the said April 17, 1857, the legislature of the State of New York passed an act which took effect as law upon the same day, authorizing the common council of the city of Buffalo to dredge and clear obstructions from and in Buffalo creek inside of the north pier, and'put, keep and maintain the same in navigable condition ; and 'cause not less than one-half of the expense thereof to be assessed upon the property benefited (Laws of 1857, ch. 764, § 6).
Under and in pursuance of the power thus granted the common council of the city of Buffalo, in the year 1869, took the proceedings required by law and the charter of the defendant to be taken, in removing the-obstructions mentioned in the complaint, and in levying the assessment to pay one-half of the expense thereof. The only objection made by the plaintiff to the-regularity of the proceedings is, that the resolution of the council passed March 1, 1868, mentioned the wreck to be removed as the wreck of the old steamboat Constellation and not of the Jefferson ; but the complaints allege that the wreck of the steamer Constellation so referred to in said resolution is the wreck of the elevator Jefferson, &c., and the resolution of the council passed April 26, 1869, orders and determines that the obstructions in Buffalo creek be cleared by removing the wreck of old boats at the points designated. There is therefore no force in the objection made to the regularity of the proceedings of the council. A portion of the said assessment was levied upon the property of the plaintiff, and this action is brought to have the said assessment declared illegal, and to restrain and enjoin the defendant from collecting the same.
In addition to the objection of regularity which I *146 have thus considered, it is claimed that the defendant has no power to remove said obstruction and assess the expense thereof, or any part of it, upon the property benefited, and secondly, that the obstruction was created by the defendant by wrongfully taking the float, or as it is termed in the complaint, “an elevator or building,” from the place where it had been permanently moored or fastened, and towing it to a place near the southerly line of Aurora-street, and there carelessly, negligently left the same and took no care thereof, and that solely on account of such unlawful negligence and wrongful acts of the defendant, the said float or building was destroyed and wrecked, and sunk in Buffalo Creek, on or about July 21, 1849, and became, and down to July 1, 1869, was, a permanent obstruction to the navigation of said Buffalo creek and a public nuisance.
Whatever power the city of Buffalo may have had to remove the said obstruction, as a public nuisance, or because the acts of the defendant have tended or caused the obstruction, it cannot be doubted that under the act of 1857, the defendant had the power to remove obstructions to the navigation of Buffalo creek, and put, and keep, and maintain the said creek in a navigable condition, and assess not less than half the expense thereof on property benefited, for these powers are expressly given by that act. Buffalo creek is a navigable stream, and not only the owners of property benefited by the removal of obstructions, but the public, are interested in having the creek put and kept in a navigable condition, and under the said law it was the duty of defendant to remove the obstructions.
The act does not say that the common council may remove the obstructions unless they have the power to abate them as a public nuisance, or unless they were created by the carelessness or negligence of the defendant, but it confers the absolute power to remove ob *147 structions and put and keep and maintain said creek in navigable condition.
It follows, therefore, that neither the claim of want of power on the part of the defendant or that the defendant did the acts which tended to create or created the obstructions, and that therefore the defendant cannot remove the obstructions and assess the property of the plaintiff for the expense thereof, can be maintained.
This view of the case disposes of the exception stated in folios 79 and 80 of the case. The proof offered and ruled out could not in any way affect the rights of the parties.*
This case has been considered upon the assumption that the obstruction was caused by the negligence of the defendant, but it is proper to state no such fact is found by the judge who tried the case. And the case at folio 75 states that, “ during the summer or fall of 1849, the float, being insufficiently fastened, broke loose and sunk.”
This is the only fact stated in the case from which any negligence or carelessness of the defendant can be inferred, as it is not sufficient to charge the defendant with negligence or carelessness to say or find the float being insufficiently fastened broke loose.
The judgment should be affirmed, with costs.
Judgment accordingly.
On appeal to the court of appeals, the judgment was affirmed upon the grounds above stated, that court adopting the foregoing opinion of Verplanck, J.

 The proof offered was the judgment roll in an action by the owner of the elevator against the city, on the ground that the elevator had been illegally taken, in which action the city was adjudged bound to pay the value of the elevator.